UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE L. LINDSEY, | ) | CASE NO. 5:04CV2559 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| FEDEX Ground, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

The Court *sua sponte* recommends that this case be dismissed without prejudice for failure to perfect service of process.

## I.    Procedural History

On December 29, 2004, Plaintiff Lawrence L. Lindsey ("Plaintiff"), *pro se*, filed a complaint alleging employment discrimination.  ECF Dkt. #1.  On January 24, 2005, Judge John R. Adams referred this case to the undersigned for general pretrial supervision.  ECF Dkt. #3. Plaintiff did not effectuate service of process on the Defendants FEDEX Ground or FEDEX Corporation (collectively "Defendants").  On June 3, 2005, the undersigned ordered Plaintiff to either serve the Defendants or show cause why he could not serve the Defendants by June 13, 2005.  ECF Dkt. #4.  On June 29, 2005, Plaintiff filed a motion for an extension of time to July 15, 2005 to respond to the Court's order.  ECF Dkt. #5.  On June 30, 2005, the Court granted Plaintiff's motion.  On July 15, 2005, Plaintiff filed a letter with the Court indicating the facts and principles underlying his suit.  ECF Dkt. #6.

## II.    Law and Analysis

This Court has the discretion to extend the 120-day time limit within which to effect service without a showing of good cause.  *Osbourne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 407-408 (S.D. Ohio 2003).  And the Court's initial inclination was to do so in the instant case, as evidenced by the Court's June 3, 2005 Order.  ECF Dkt. #4.  However, at this time, the Court finds it appropriate to recommend that this case be dismissed without prejudice

for failure to effectuate service.

Plaintiff was not diligent in effectuating service on the Defendants.  This case was originally filed on December 29, 2004 and the complaint specifically named Defendants FEDEX Ground or FEDEX Corporation.  ECF Dkt. #1.  Plaintiff, though pro se, was advised by the Court that he had to serve the complaint on Defendants.  ECF Dkt. #4.  However, Plaintiff has ignored the Court's request.  In his letter filed July 15, 2005, Plaintiff makes no mention of service of the complaint or why he has thus far failed to do so.  *See* ECF Dkt. #6.

Any reasonable inquiry into the substance of the Court's order either through discussion with the Court Clerk or an investigation into the Federal Rules of Civil Procedure would have disclosed the appropriate requirements to file a summons and complaint upon the Defendants named in the law suit.  *See* Rule 4 (a)-(c) of the Federal Rules of Civil Procedure.  This however, was not done by this Plaintiff.  The docket makes no mention whatsoever of an attempted or defective service of Plaintiff's complaint on the Defendants.  Nor does it show that service was ever perfected on these Defendants.

## III.  <u>CONCLUSION</u>

Plaintiff has failed to timely serve Defendants FEDEX Ground or FEDEX Corporation and fails to provide good cause for these failures.  Accordingly, the Court recommends *sua sponte* that Plaintiff's claims against Defendants FEDEX Ground or FEDEX Corporation be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.


Dated: July 19, 2005                                    ____/s/George J. Limbert_____
                                                       GEORGE J. LIMBERT
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).